### BARRY v. METZGER MOTOR CAR CO.

CONSTITUTIONAL LAW—AUTOMOBILES.

That portion of the motor vehicle law providing for an absolute liability of the owner for negligence of any person driving the car except in case of theft, is unconstitutional, being a deprivation of property without due process of law. Act No. 318, Pub. Acts 1909, subd. 3, § 10 (2 How. Stat. [2d Ed.] § 2496, subd. 3), following *Daugherty* v. *Thomas*, 174 Mich. 371 (140 N. W. 615).

Error to Macomb; Smith, J., presiding. Submitted April 24, 1913. (Docket No. 34.) Decided May 28, 1913.

Case by Thomas Barry against the Metzger Motor Car Company for personal injuries. Judgment for

plaintiff. Defendant brings error. Reversed; new trial denied.

*Brennan, Donnelly & Van De Mark (Henry L. Lyster,* of counsel), for appellant.

*Silas B. Spier,* for appellee.

BIRD, J. On the night of July 13, 1910, plaintiff was driving on the Gratiot road with a horse and cart, on his way from Detroit to Mt. Clemens. As he was nearing Mt. Clemens, one of defendant's automobiles approached from the rear at a high rate of speed and collided with his cart, throwing him out and severely injuring him. The servant, Garfield Colter, who was driving the car, was a "tester" for defendant. Late in the afternoon of the day of the accident Colter was ordered to take Mr. Everitt, the president of the company, to the Michigan Central station in one of the company's automobiles standing in front of the factory. He complied with this order, but instead of returning the car at once to the factory, as he was directed to do by Mr. Everitt, he picked up a party of friends and took them on a ride which lasted until after midnight, when the collision occurred. It was made to appear by the defendant that Colter was using the car at the time of the accident without its knowledge or consent, and contrary to the positive instructions of Mr. Everitt, and that he was at the time on no business of the company. This testimony does not seem to be disputed. The plaintiff planted his case on the statute (Act No. 318, Pub. Acts 1909 [2 How. Stat. (2d Ed.) § 2496, sub. 3]), and recovered a judgment in the trial court. The defendant has assigned error in this court; the principal contention being that subdivision 3 of section 10 of the act is unconstitutional and void.

After the verdict was rendered in the trial court, but before the assignments of error were argued in this

court, the case of *Daugherty* v. *Thomas*, 174 Mich. 371 (140 N. W. 615), was decided by this court, holding subdivision 3 of section 10 unconstitutional. Nevertheless counsel urged the constitutionality of the law with much earnestness upon the hearing; and, while we were much impressed with his able and interesting argument, we are of the opinion that *Daugherty* v. *Thomas* was rightly decided, and therefore we must hold that this case is ruled by it.

The judgment of the trial court is reversed and no new trial granted.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.